1  WISE GLEICHER
   Noel Wise (SBN 169453)
2         (wise@wisegleicher.com)
   2233 Santa Clara Avenue, Suite #8
3  Alameda, CA  94501
   Telephone:   (510) 747-1725
4  Facsimile:    (510) 747-1724

5  DAVID A. GIANNOTTI, A PROFESSIONAL CORPORATION
   David A. Giannotti (SBN 100779)
6         (david@dagiannotti.com)
   425 N. Maple Drive, Suite 205
7  Beverly Hills, CA 90210
   Telephone:   (310) 385-1318
8  Facsimile:    (310) 275-4097

9  Attorneys for Defendants, Cross-Claimants, and Counter-Claimants
   AMERICAN RACING EQUIPMENT, LLC and AMERICAN RACING
10 EQUIPMENT, INC. (AND AS A SUCCESSOR IN INTEREST TO ART HALE,
   INC. AND AMERICAN MAG, INC.)
11

12           IN THE UNITED STATES DISTRICT COURT
13    CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| 14 KB GARDENA BUILDING, LLC, a California Limited Liability Corporation, | CASE NO. CV 08-600-RWG (JCRx) |
| 15 | The Honorable Robert W. Gettleman |
| 16 Plaintiffs, | **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |
| 17 v. | ***Filed Concurrently Herewith*** |
| 18 WHITTAKER CORPORATION, a Delaware Corporation; BRASSCRAFT | Defendant American Racing Equipment, LLC's Notice of Motion and Motion for |
| 19 MANUFACTURING COMPANY, a Michigan Corporation; BIG "B" | Summary Judgment; Memorandum of Points and Authorities in Support |
| 20 TRANSPORTATION, INC., a suspended California Corporation; | Thereof; Declaration of  Noel Wise  Esq. [*Fed. R. Civ. P. 56*]; [Proposed] |
| 21 ALPHONSE VANBASTELAAR, an individual; INTERNATIONAL | Judgment |
| 22 TRUCK AND TRANSFER, INC., a California Corporation; A&M | |
| 23 LUMBER AND BUILDING SUPPLY COMPANY, a business | Date:   August 26, 2010 |
| 24 entity, form unknown; A&M LUMBER & WRECKING | Time:   10:00 a.m. Place:  Via Teleconference |
| 25 COMPANY, a business entity, form unknown; A&M FENCE | |
| 26 COMPANY, a business entity, | |
| 27 | |
| 28 | |

1  form unknown; CHROMIZING
   COMPANY, a suspended California
2  corporation; CHROMALLOY
   AMERICAN CORPORATION, a
3  Delaware Corporation; Estate of
   ARTHUR H. KAPLAN, deceased; ROSE
4  MAY KAPLAN, an individual;
   STANLEY BLACK, an individual;
5  JOYCE BLACK, an individual; KB
   MANAGEMENT COMPANY, a
6  California general partnership; JACK D.
   BLACK, an individual; JANIS
7  (GOLDMAN) BLACK TRUST, a
   California trust; JILL BLACK, an
8  individual; K ASSOCIATES, a California
   general partnership; A&R
9  MANAGEMENT AND
   DEVELOPMENT CO., a business entity,
10 form unknown ANSEN, INC., a
   suspended California Corporation;
11 AMERICAN RACING EQUIPMENT,
   INC., a Delaware Corporation; and
12 AMERICAN RACING EQUIPMENT,
   LLC

13
                 Defendants.
14 ────────────────────────────────

   AMERICAN RACING EQUIPMENT,
15 LLC,  a Delaware Limited Liability
   Company,
16
                 Cross Claimant,
17
   v.
18
   WHITTAKER CORPORATION, a
19 Delaware Corporation; BRASSCRAFT
   MANUFACTURING COMPANY, a
20 Michigan Corporation; BIG "B"
   TRANSPORTION, INC., a
21 suspended California Corporation;
   ALPHONSE VANBASTELAAR, an
22 individual; Estate of ARTHUR H.
   KAPLAN, deceased; ROSE MAY
23 KAPLAN, an individual; STANLEY
   BLACK, an individual; JOYCE BLACK,
24 an individual; JACK D. BLACK, an
   individual; JILL BLACK, an individual;
25 JANIS (GOLDMAN) BLACK TRUST, a
   California trust; KB MANAGEMENT
26 COMPANY, a California general
   partnership; K ASSOCIATES, a
27 California general partnership; A&R
   MANAGEMENT AND
28 DEVELOPMENT CO., a business entity,
   form unknown, ART HALE, an

individual; ANSEN, INC., a suspended
California Corporation; and LOUIS
SENTER, an individual.

Cross Defendants.

AMERICAN RACING EQUIPMENT,
LLC, a Delaware Limited Liability
Company,

Counter-Claimant,

v.

KB GARDENA BUILDING, LLC, a
California Limited Liability Corporation,

Counter Defendant

## STATEMENT OF UNCONTROVERTED FACTS

All of the Exhibits referenced below are attached to the Declaration of Noël
Wise, filed concurrently herewith.

| No. | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 1. | Art Hale, Inc. was a California Corporation that was formed on approximately February 2, 1967. | Articles of Incorporation of Art Hale, Inc. and Certificate of Ownership Merging Art Hale, Inc. into American Mag, Inc. ("Art Hale, Inc. Articles"), attached as Exhibit "B"; California Secretary of State Business Entity Detail for Art Hale, Inc., attached as Exhibit "C". |
| 2. | Modern Wheel was a California Corporation that was formed on approximately August 30, 1977. | California Secretary of State Business Entity Detail for Modern Wheel, attached as Exhibit "D". |

| | | |
|---|---|---|
| **3.** | American Mag, Inc. ("American Mag") was a California Corporation that was formed on approximately July 12, 1982. | California Secretary of State Business Entity Detail for American Mag, Inc., attached as Exhibit "E". |
| **4.** | Noranda Wheels, Inc. ("Noranda"), was a Delaware Corporation that was formed on approximately, October 14, 1987. | Restated Certificate of Incorporation of Noranda Wheels, Inc., attached as Exhibit "F". |
| **5.** | By November 4, 1987, Art Hale, Inc. and Modern Wheel were the wholly owned subsidiaries of American Mag. | November 4, 1987 Option Agreement ("Agreement"), attached as Exhibit "A" at ARE 0120. |
| **6.** | Mr. Hale entered into an Option Agreement (dated November 4, 1987 and exercised on February 11, 1988) to sell all of the stock of American Mag and thereby all of the capital stock of American Mag's subsidiaries (Art Hale, Inc. and Modern Wheel, collectively referred to in the Option Agreement with other companies, unrelated to this action, as "the Companies") to Noranda Wheels, Inc. | Agreement, Ex. A at ARE 0114-0197, 0114, 0115, 0120. |
| **7.** | The Option Agreement (or "Agreement") is a stock purchase | Agreement, Ex. A at ARE 0114, 0120. |

| | | | |
|---|---|---|---|
| | | agreement and does not transfer any personal liabilities of Mr. Hale to Noranda. | |
| | **8.** | The Agreement provides the list of real properties that were owned by the Companies as well as the list of properties leased by the Companies. | Agreement, Ex. A at ARE 0003, 0005. |
| | **9.** | The Property is not referenced anywhere in the Agreement, including in the real property or final lease lists. | Agreement, Ex. A at ARE 0003, 0005, 0114-0197. |
| | **10.** | In Section 2 of the Agreement, Mr. Hale made representations and warranties regarding "all of the Companies" that were transferred to Noranda pursuant to the Option Agreement. | Agreement, Ex. A at ARE 0119. |
| | **11.** | In Section 2.40 of the Option Agreement, Mr. Hale represented and warranted: "[T]o the best of Hale's and Rodman's knowledge and belief after due inquiry, neither the Companies nor their agents and affiliates . . . have ever generated, stored, treated, transported, handled, disposed of, or released | Agreement, Ex. A at ARE 0146-0147. |

| | | |
|---|---|---|
| | any hazardous substance or solid waste in a manner that would give rise to any liability under any statute or governmental regulation . . . ." | |
| **12.** | Section 12.1 of the Option Agreement provides that: "[T]he representations and warranties contained in  . . . Section . . . 2.40 with respect to environmental protection laws and regulations (including the disposal of hazardous substances and toxic wastes) and with respect to the generation, storage, treatment, transportation, handling, disposal of, or release of any hazardous substance or solid waste, shall survive without limitation as to time . . . ." | Agreement, Ex. A at ARE 0183-0184. |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| 13. | Section 12.2 of the Option Agreement (titled "Indemnification") states that: "[Mr.] Hale and Rodman agree to indemnify Noranda . . . against any loss, cost, liability, or expense (including, without limitation, costs and expenses of litigation other than attorneys' fees) incurred by reason of the incorrectness or breach of any of their respective representations, warranties, covenants, and agreements contained in this Option Agreement . . . ." | Agreement, Ex. A at ARE 0184. |
|---|---|---|
| 14. | The contractual obligations in the Option Agreement are triggered when a third party makes a claim against Noranda, which, if valid, would be a breach of the representations and warranties made by Mr. Hale. | Agreement, Ex. A at ARE 0186-87. |
| 15. | Noranda changed its name to American Racing Equipment, Inc. on approximately May 24, 1988. | Restated Certificate of Incorporation of Noranda Wheels, Inc., Ex. F. |

| | | |
|---|---|---|
| **16.** | In approximately July of 1988, Art Hale, Inc. and Modern Wheel merged into American Mag and American Mag, in turn, merged into American Racing Equipment, Inc. | Art Hale, Inc. Articles, Ex. B at 9-10; Certificate of Ownership Merging Modern Wheel into American Mag, Inc., attached as Exhibit "G"; Certificate of Ownership Merging American Mag, Inc. into American Racing Equipment, Inc., attached as Exhibit "H". |
| **17.** | On June 3, 2008, American Racing Equipment, Inc. filed a Certificate of Conversion to a limited liability company, and thereby became American Racing Equipment, LLC, a Limited Liability Company. | June 3, 2008 State of Delaware Certificate of Conversion From a Corporation to a Limited Liability Company Pursuant to Section 18-214 of the Limited Liability Act, attached as Exhibit "I"; June 3, 2008 Certificate of Formation of American Racing Equipment, LLC, attached as Exhibit "J". |
| **18.** | Ansen, Inc. was a California Corporation that was formed on approximately March 12, 1975 and was suspended on approximately March 1, 1977. | Articles of Incorporation of Ansen, Inc., attached as Exhibit "K"; California Secretary of State Business Entity Detail for Ansen, Inc., attached as Exhibit "L"; CT Lien Solutions Business Entity Report for Ansen, Inc, attached as Exhibit "M". |
| **19.** | Ansen, Inc. identified its corporate address as 13720 S. Western Ave., Gardena, California – the address | California Secretary of State Business Entity Detail for Ansen, Inc., Ex. L. |

| | | | |
|---|---|---|---|
| 1<br>2 | | of the Property involved in this action. | |
| 3<br>4<br>5<br>6 | **20.** | Ansen, Inc. subleased the Property from Whittaker from approximately March 7, 1975 to March 6, 1977 ("the Sublease"). | March 7, 1975 Sublease between Whittaker Corporation and Ansen, Inc., attached as Exhibit "N". |
| 7<br>8<br>9 | **21.** | Noranda did not purchase the stock of Ansen, Inc. in the Option Agreement. | Agreement, Ex. A at ARE 0114, 0120. |
| 10<br>11<br>12<br>13<br>14 | **22.** | Plaintiff initially filed its Complaint in this action on approximately May 5, 2008, but did not name American Racing as a Defendant. | Plaintiff's Complaint (without original exhibits), attached as Exhibit "O". |
| 15<br>16<br>17<br>18<br>19 | **23.** | On November 10, 2009, Plaintiff filed a Second Amended Complaint that, *inter alia*, added American Racing and Ansen, Inc. as Defendants. | Plaintiff's Second Amended Complaint (without original exhibits), attached as Exhibit "P". |
| 20<br>21<br>22<br>23 | **24.** | In its Second Amended Complaint, Plaintiff alleged that American Racing is the successor in interest to Art Hale, Inc. | Plaintiff's Second Amended Complaint, Ex. P at 6. |
| 24<br>25<br>26<br>27<br>28 | **25.** | The undersigned counsel for American Racing provided Robert Handler of the law firm Ezra Brutzkus Gubner, LLP, counsel for | Declaration of David Giannotti, attached as Exhibit "Q" at ¶ 3. |

| | | | |
|---|---|---|---|
| 1<br>2<br>3 | | Mr. Hale, with a copy of Plaintiff's Second Amended Complaint on November 20, 2009. | |
| 4<br>5<br>6<br>7 | 26. | The undersigned counsel accepted service for American Racing and answered the Second Amended Complaint on December 4, 2009. | American Racing Equipment, LLC's Answer to Plaintiff's Second Amended Complaint, attached as Exhibit "R". |
| 8<br>9<br>10<br>11 | 27. | Plaintiff also served its Second Amended Complaint on Ansen, Inc. at the law firm of Ezra Brutzkus Gubner, LLP. | Notice and Acknowledgment of Receipt of Summons and Complaint from Ezra Brutzkus Gubner, LLP, attached as Exhibit "S". |
| 12<br>13<br>14<br>15<br>16 | 28. | Ezra Brutzkus Gubner, LLP acknowledged receipt of service on March 1, 2010, but has not filed a responsive pleading on Ansen, Inc.'s behalf. | Notice and Acknowledgment of Receipt of Summons and Complaint from Ezra Brutzkus Gubner, LLP, Ex. S. |
| 17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 29. | On or about June 3, 2010, Whittaker filed its Second Amended Answer, Cross Claims, Third Party Claims and Counterclaims ("Whittaker's Second Amended Third Party Claims"), that, *inter alia*, added Mr. Hale, Art Hale, Inc. and American Mag, Inc. as Third Party Defendants. | Whittaker Corporation's Second Amended Answer, Cross Claims, Third Party Claims and Counterclaims ("Whittaker's Second Amended Third Party Claims"), attached as Exhibit "T". |
| 28 | | | |

| | | |
|---|---|---|
| 30. | In Whittaker's Second Amended Third Party Claims, Whittaker lumped distinct legal entities into a single allegation asserting that "Art Hale, Art Hale, Inc., Art Hale, Inc. dba U.S. Mag Wheels, Modern Wheel, and American Mag, Inc." all simultaneously conducted wheel manufacturing operations at the Property, during which time hazardous substances were released into the environment. | Whittaker's Second Amended Third Party Claims"), Ex. T at 32. |
| 31. | The undersigned counsel for American Racing accepted service for American Mag and Art Hale, Inc. on or about July 7, 2010; American Racing, as the successor in interest to Art Hale, Inc. and American Mag answered Whittaker's Second Amended Third Party Claims on July 26, 2010. | American Racing Equipment, LLC's Amended Answer to Whittaker's Second Amended Third Party Claims, attached as Exhibit "U". |
| 32. | Mr. Hale answered Whittaker's Second Amended Third Party Claims (through his counsel Robert Handler and Todd Lander of Ezra Brutzkus Gubner, LLP) on August 5, 2010. | Mr. Hale's Answer to Whittaker's Second Amended Third Party Claims, attached as Exhibit "V". |

| | | |
|---|---|---|
| **33.** | American Racing has incurred costs and expenses in defending this matter, including but not limited to the costs and expenses of: investigation, expert consultants, mediation, court reporters and transcripts, travel costs and copying and shipping costs. | Declaration of David Giannotti, Ex. Q at ¶ 4. |
| **34.** | In numerous letters and correspondence to Mr. Hale, American Racing has demanded indemnification, pursuant to the Option Agreement, for the liability, costs and expenses American Racing has incurred and will or may incur in this action. | Declaration of David Giannotti, Ex. Q at ¶ 5. |
| **35.** | To date, Mr. Hale has denied his contractual obligation to indemnify American Racing in this action. | Declaration of David Giannotti, Ex. Q at ¶ 6. |

## CONCLUSIONS OF LAW

1.     A claiming or defending party may, at any time until 30 days after the close of discovery, move for summary judgment on all, or part, of the claims at issue in the action.  Fed. R. Civ. P. 56(a) and (b).  Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

2.      In a motion for summary judgment, the moving party has the initial burden of informing the Court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The moving party can meet its burden of proof by pointing out the absence of evidence from the non-moving party; the moving party need not disprove the other party's case.  *Id*. at 325.

3.      An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party.  *Anderson*, 477 U.S. at 249. A factual dispute is material only if it might affect the outcome of the suit under governing law.  *Id.* at 248.

4.      To defeat a motion for summary judgment, the non-moving party cannot rest on the pleadings, but rather, must go beyond the pleadings and present "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

5.      In *Celotex*, the United States Supreme Court stated that, "one of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex* 477 U.S. at 323, 324. Thus, summary judgment is not disfavored, but rather an integral part of federal procedure and the "just, speedy and inexpensive determination of every action." Fed R. Civ. P. 56(c); *Celotex*, 477 U.S. at 327.

6.      Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), states that, "any person who at the time of disposal of any hazardous substance owned or operated

any facility at which such hazardous substances were disposed of . . . shall be liable

for . . . any other necessary costs of response incurred by any other person

consistent with the national contingency plan . . . ."

7.     Section 113(f) of CERCLA, 42 U.S.C § 9613(f), states in part:

> Any person may seek contribution from any other person who
> is liable or potentially liable under section 9607(a) of this title,
> during or following any civil action under section 9606 of this
> title or under section 9607(a) of this title. Such claims shall be
> brought in accordance with this section and the Federal Rules of
> Civil Procedure, and shall be governed by Federal law. In
> resolving contribution claims, the court may allocate response
> costs among liable parties using such equitable factors as the
> court determines are appropriate.

8.     The interpretation and construction of a written contract is a question of law.  *Waller v. Truck Insurance Exchange, Inc.*, 11 Cal.4[th] 1, 900 P.2d 619, 44 Cal.Rptr. 2d 370 (1995); *Parsons v. Bristol Dev. Co.*, 62 Cal.2d 861, 44 Cal.Rptr. 767, 770, 402 P.2d 839, 842 (1965);  *Hillman v. Leland E. Burns, Inc.*, 257 Cal.Rptr. 535, 539 (Cal.App.1989).

9.     Mr. Hale entered into an Option Agreement (dated November 4, 1987 and exercised on February 11, 1988) to sell all of the stock of American Mag and thereby all of the capital stock of American Mag's subsidiaries (Art Hale, Inc. and Modern Wheel, collectively referred to in the Option Agreement with other companies, unrelated to this action, as "the Companies") to Noranda Wheels, Inc. Agreement, Ex. A.

10.    The Option Agreement is a stock purchase agreement.  Agreement, Ex. A at ARE 0114.

11.    The Option Agreement did not transfer any personal liabilities of Mr. Hale to Noranda.  Agreement, Ex. A.

12.    The Option Agreement did not transfer the stock of Ansen, Inc. to Noranda.  Agreement, Ex. A.

13.     In Section 2 of the Option Agreement, Mr. Hale made representations and warranties regarding "all of the Companies" that were transferred to Noranda. Agreement, Ex. A at ARE 0119.  In Section 2.40 of the Option Agreement, Mr. Hale represented and warranted:

> [T]o the best of Hale's and Rodman's knowledge and belief after due inquiry, neither the Companies nor their agents and affiliates . . . have ever generated, stored, treated, transported, handled, disposed of, or released any hazardous substance or solid waste in a manner that would give rise to any liability under any statute or governmental regulation . . . .

Agreement, Ex. A at ARE 0146-0147.

14.     The representations and warranties set forth in Section 2.40 of the Option Agreement apply to all of the defined "Companies" in the Option Agreement, including Art Hale, Inc., and those representations and warranties survive without limitation as to time and are still in force today.  Agreement, Ex. A at ARE 0114, 0119, 0120, 0125, 00183-0184.

15.     If a third party makes a claim, which, if valid, would result in liability on the part of Mr. Hale for a breach of any representation or warranty in the Option Agreement, then Section 12.2 of the Option Agreement requires Mr. Hale to indemnify Noranda against any loss, cost, liability, or expense (including, without limitation, costs and expenses of litigation other than attorneys' fees for defending against the claims) incurred by reason of the incorrectness or breach of

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   any of Mr. Hale's representations, warranties, covenants, and agreements contained

2   in the Option Agreement.  Agreement, Ex. A at ARE 0184.

3

4

5   DATED:  August 16, 2010                    WISE GLEICHER

6

7                                              By: */s/ Noël Wise*

8                                              Noël Wise

9

10

11                                             By:  */s/ David A. Giannotti*
                                               DAVID A. GIANNOTTI, A
12                                             PROFESSIONAL CORPORATION
                                               David A. Giannotti
13
                                               Attorney for Defendants
14                                             AMERICAN RACING EQUIPMENT, INC.
15                                             AMERICAN RACING EQUIPMENT, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28